IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | ) | Case No. 23-50002-btf13 |
| | ) | |
| Leslie Ann Norman | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**EDUCATIONAL CREDIT MANAGEMENT CORPORATION'S**
**OBJECTION TO THE DEBTOR'S CHAPTER 13 PLAN (DOC. 5)**

Educational Credit Management Corporation ("ECMC"), by counsel, hereby objects to the Debtor's proposed chapter 13 plan (this pleading is the "Objection" and the proposed chapter 13 plan is the "Plan"). Section 5.3 of the Debtors' Plan purports to "cure any default in payments" on the Debtor's student loan obligations to ECMC in the pre-printed plan form language. Debtor Leslie Ann Norman ("Ms. Norman") is indebted to ECMC on account of a consolidated student Loan (the "Loan") which is in default. ECMC files this Objection in an abundance of caution and asks this Court to clarify in any order confirming the Plan that the payments in this chapter 13 case will not actually cure the default under the Loan. In support of this Objection, ECMC states as follows:

1. Ms. Norman is indebted to ECMC for the Loan.

2. Prior to the filing of this chapter 13 case, in or about 2019, Ms. Norman had defaulted on the Loan. Student loan borrowers are in "default" if they are delinquent on their monthly payments for 270 days. See 20 U.S.C. § 1085(l).

3. To cure a default on a student loan, a debtor must "rehabilitate" the loan through 34 C.F.R. § 682.405. This provision implements the federal loan rehabilitation statute, 20 U.S.C. § 1078–6. Rehabilitation of student loans has various consequences, including the curing of defaults

and reinstatement of eligibility for other Title IV student loans.

4. Contrary to the Plan, a borrower cannot simply cure a defaulted student loan by filing or completing a chapter 13 plan. Default status must be removed through rehabilitation. Rehabilitation under 34 C.F.R. § 682.405(b) sets in motion an agreed upon statutory process between a defaulted student loan borrower and a student loan guaranty agency, not a unilateral declaration by a debtor upon a guaranty agency. Rehabilitation agreements are required to be negotiated between a defaulted student loan borrower and a guarantor. This process also includes the receipt by the guarantor of at least nine qualifying timely payments from the debtor and the sale by the guarantor of the student loan debt to an eligible lender, as ECMC and other guarantors are not authorized to hold rehabilitated loans. See 34 C.F.R. § 682.405(b).

5. Here, Ms. Norman has not approached ECMC after the petition was filed to seek rehabilitation, and ECMC may not be able to return the Loan to an eligible lender. Moreover, ECMC has not received a single payment from Ms. Norman since the Debtor filed for chapter 13 relief. Given the automatic stay of section 362(a), ECMC may be unable to undertake the collection activities necessary to administer rehabilitation. In sum, the Plan does not constitute a proper rehabilitation request and any attempt by Debtors to "cure" the default on the Loan through the filing of this chapter 13 plan must fail. *See In re Jordan,* 555 B.R. 636 (Bankr. S.D. Ohio. 2016) (holding that a debtor cannot cure a student loan default by declaration in a chapter 13 plan).

6. To the extent the Debtor is not seeking to remove the default status on the Loan, she should either amend the Plan, or this Court should clarify in any order it issues confirming the Plan that the chapter 13 plan cannot and does not cure any default as to student loans.

**WHEREFORE**, ECMC respectfully requests this Court sustain its Objection and deny confirmation of the Plan in its current form, order the Debtor to amend the Plan to clarify that she is not seeking to cure the default on the Loan, <u>or</u> enter an order determining that the Plan does not cure the default on the Loan.

Respectfully submitted,

 /s/  N. Larry Bork
N. Larry Bork - #KS 00096
Goodell Stratton Edmonds & Palmer, LLP
515 S. Kansas Avenue
Topeka, KS  66603
(785) 233-0593
lbork@gseplaw.com
Attorneys for Defendant Educational Credit Management Corporation

## **NOTICE OF MOTION**

Any response to the motion must be filed with 21 days of the date of this notice, pursuant to Local rule 9013-1C, with the Clerk of the United States Bankruptcy Court. Documents can be filed electronically at https://ecf.mowb.uscourts.gov. A copy of such response shall be served electronically by the Court on the Chapter 13 Trustee and all other parties to the case who have registered for electronic filing. Parties not represented by an attorney may mail a response to the Court at the address below. If a response is timely filed, a hearing will be held on a date and time determined by the Court. Notice of such hearing will be provided to all parties of interest. If no response is filed within 21 days the Court will enter an order

Court Address:  U.S. Bankruptcy Court, 400, E 9th St., Room 1510, Kansas City, MO 64106

## **CERTIFICATE OF SERVICE**

The following parties will be served either electronically or by United States First Class Mail. If any party is served by United States First Class Mail a certificate of service will be filed thereafter.

Tracy L. Robinson
600 E 8th Street, Suite A
Kansas City, MO 64106
P: 816-842-1317
F: 816-842-0316
admin@tlrlaw.com

3

Attorney for Debtors

Richard Fink
U.S. Trustee
ecfincdocs@WCMO13.com

                                        */s/ N. Larry Bork*
                                        N. Larry Bork - #KS 00096